IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALFRED MARION WALKER,

        Plaintiff,

v.

CITY OF BINGHAMTON, *et al.*,

        Defendants.

Civil Action No.
3:16-CV-1503 (BKS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ALFRED MARION WALKER, *Pro se*
c/o 314 Jackson Avenue
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

On or about December 16, 2016, *pro se* plaintiff Alfred Marion Walker commenced this action against the City of Binghamton, Broome County, and several other defendants. Dkt. No. 1. Although difficult to discern, it appears that plaintiff's claims stem from his arrest by law enforcement officials on or about August 2, 2015. *See generally id.*

Plaintiff's complaint was accompanied by an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. No. 2.

After reviewing plaintiff's complaint and IFP application, I issued an order on December 21, 2016 ("December order"), denying plaintiff's IFP motion as incomplete and lacking the necessary information to meaningfully assess his financial conditions and determine whether he qualifies for IFP status. Dkt. No. 4 at 2-3. Plaintiff was directed to either pay the statutory filing fee of $400 or submit an IFP application that provided complete disclosure concerning his financial circumstances on or before January 6, 2017. *Id.* at 3. In addition, I specifically advised plaintiff that, in the event he failed to comply with my order, I would recommend to District Judge Brenda K. Sannes that his case be dismissed. *Id.*

The December order was mailed to plaintiff at the following address, which is the one he provided to the court at the time he commenced the action:

> Alfred Marion Walker
> c/o 314 Jackson Avenue
> Endicott, New York 13760.

Dkt. No. 1 at 7. The envelope containing the December order and its contents were returned to the court on January 3, 2017, bearing the handwritten notations "wrong post location" and "return to sender." Dkt. No. 6. On the same date, according to the court's records, plaintiff called

the clerk's office to inquire concerning the status of his case. When the deputy clerk with whom he spoke explained that the order had been returned as undeliverable, plaintiff stated that he is not part of a postal zip code and cannot accept mail that includes a zip code. He was advised that his deadline to file a complete IFP application or pay the filing fee was January 6, 2017, and that he could do so in person. Plaintiff was further advised that all future mailings would be addressed to him utilizing a postal zip code, and that if he did not accept those mailings from the court he would risk missing court-imposed deadlines.

To date, plaintiff has neither paid the required filing fee nor submitted a proper IFP application. Plaintiff's complaint is therefore subject to dismissal. *See, e.g., Souffrant v. Cnty. of Otsego*, No. 13-CV-0811, 2013 WL 5938813, at *2 (N.D.N.Y. Nov. 5, 2013) (Hurd, J., *adopting report and recommendation by* Peebles, M.J.) (dismissing the *pro se* plaintiff's complaint for failure to pay the required filing fee or submit a proper IFP application).

Based upon the foregoing, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this case be DISMISSED, without prejudice, for failure to pay the required filing fee or to obtain leave to proceed in the case without prepayment of fees.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff in accordance with this court's local rules.

Dated: January 18, 2017
Syracuse, New York

_/s/ David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).